**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Rene Alex Nido,
Plaintiff,
v.
City of Phoenix, et al.,
Defendants.

No. CV-25-02966-PHX-GMS (DMF)

**ORDER**

Before the Court are: (1) Plaintiff's second Motion for Leave to File Fourth Amended Complaint (Doc. 29) and lodged proposed Fourth Amended Complaint (Doc. 30), (2) United States Magistrate Judge Fine's Report and Recommendation ("R&R") (Doc. 37), and (3) Defendant Figueroa's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 23).

The R&R recommends that Plaintiff's second Motion for Leave to File Fourth Amended Complaint be granted in part and denied in part; that Plaintiff's lodged proposed Fourth Amended Complaint be filed and proceed as to Defendant Officers Samuel Painter, Walker, Stephen J. Mirac, Ian Lumley, and Does 1-5; and that Defendant Supervising Sergeant(s) (unidentified) and Plaintiff's supervisory liability claim in Plaintiff's lodged proposed Fourth Amended Complaint be dismissed. No objections were filed. Because the parties did not file objections, the Court need not review any of the Magistrate Judge's determinations. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *United States v. Reyna-*

*Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("[Section 636(b)(1)] does not . . . require any review at all . . . of any issue that is not the subject of an objection."). The absence of a timely objection also means that error may not be assigned on appeal to any defect in the rulings of the Magistrate Judge on any non-dispositive matters. Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the order within 14 days after being served with a copy [of the magistrate's order]. A party may not assign as error a defect in the order not timely objected to."); *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996); *Phillips v. GMC*, 289 F.3d 1117, 1120-21 (9th Cir. 2002).

The Court accepts the R&R and grants Plaintiff's second Motion for Leave to File Fourth Amended Complaint (Doc. 29; see also Doc. 30) in part and denies it as it relates in part.

Further, the Fourth Amended Complaint against various individual officer defendants names four officers as having together committed excessive force and none of those officers is Defendant Figueroa, who is the only remaining defendant in the Second Amended Complaint. (Doc. 37, p. 8). Despite previous amendments and the time that has passed since the alleged events, the factors for amending the complaint favor amendment to name the correct officers and delete the incorrect officer. (*Id.*) Defendant Figueroa is not a named defendant in the proposed Fourth Amended Complaint and Defendant Figueroa's Motion to Dismiss (Doc. 23) will be denied as moot.

Accordingly,

**IT IS FURTHER ORDERED:**

(1) The Report and Recommendation (Doc. 37) is adopted.

(2) The Motion for Leave to File Fourth Amended Complaint (Doc. 29) is granted in part and denied in part.

(3) Defendant Figueroa's Motion to Dismiss (Doc. 23) is denied as moot.

(4) The Clerk of Court must file Plaintiff's lodged Fourth Amended Complaint. (Doc. 30.)

(5) Plaintiff's supervisory liability claim is dismissed without prejudice.

(6) Defendant Supervising Sergeant(s) are dismissed without prejudice.

(7) Defendant Officer Samuel Painter (Badge #11687), Defendant Officer Walker (Badge #9809), Defendant Officer Stephen J. Mirac, Defendant Officer Ian Lumley (Badge #09901), and Defendant John Doe Officers 1-5 must answer the Fourth Amended Complaint.

(8) Defendant John Doe Officers 1-5: Within 120 days from the filing date of this Order, Plaintiff must file a "Notice of Substitution," substituting Defendant John Doe Officer 1-5's actual names. The Court may dismiss without prejudice Defendant John Doe Officers 1-5 if Plaintiff fails to timely file a notice of substitution, unless Plaintiff seeks and is granted an extension of time.

(9) The Clerk of Court must send Plaintiff a service packet including the Fourth Amended Complaint, this Order, and both summons and request for waiver forms for Defendant Painter (Badge #11687), Defendant Officer Walker (Badge #9809), Defendant Officer Stephen J. Mirac, and Defendant Officer Ian Lumley (Badge #09901).

(10) Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(11) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Fourth Amended Complaint on a Defendant within 90 days of the filing of the Fourth Amended Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(12) The United States Marshal must retain the Summons, a copy of the Fourth Amended Complaint, and a copy of this Order for future use.

(13) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the

Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order.

(14) A Defendant who agrees to waive service of the Summons and Fourth Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff, within 30 days of the date of the notice and request for waiver of service pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

(15) The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a) personally serve copies of the Summons, Fourth Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Fourth Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(16) Defendants must answer the Fourth Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

/ / /

/ / /

(17) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

Dated this 8th day of September, 2026.

G. Murray Snow
Senior United States District Judge